UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cr-45-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MAURICE MONTREAL HARRIS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 59).

### I. BACKGROUND

Defendant was convicted in this Court of distributing at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). This Court sentenced Defendant to 70 months of imprisonment and to four years of supervised release. Defendant has served two of the four years of his supervised release term. The Government has filed a response opposing early termination of supervised release.

### II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the

purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

The Government notes in its response that it has consulted with Defendant's U.S. Probation Officer Jenny Whiteside, who indicated that although Defendant has no pending supervised release violations and has not failed a urinalysis, she is not recommending early termination of supervised release. The Government explains that Ms. Whiteside opposes early termination at this time because she has learned that Defendant was at a residence where an individual known to facilitate drug sales was arrested by the Asheville Police Department. Ms. Whiteside is currently looking into whether Defendant has been engaging in conduct that violates the terms of his supervised release such as associating with individuals he should not be like convicted felons. The Government states that it concurs with the position of U.S. Probation and therefore asks the Court to deny Defendant's motion without prejudice.

Given Ms. Whiteside's statement that she is looking into whether Defendant may have violated the terms of his supervised release and because he has only served two years out of his four years of supervised release, the Court will deny Defendant's motion without prejudice, as

the interests of justice do not support early release at this time.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 59), is **DENIED** without prejudice.

Signed: January 24, 2022

Max O. Cogburn Jr
United States District Judge